**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

D. BRUCE OLIVER,

    Plaintiff - Appellant,

v.

LARRY G. NIELSEN, Deputy; BRENT
E. PETERS, Deputy; KEVIN P.
FIELDING, Deputy; M. DAVIS, Deputy;
ALAN BLACK, Deputy,

    Defendants - Appellees,

and

JANE AND JOHN DOES, 1-10; BLACK
CORPORATIONS, and/or entities,

    Defendants.

No. 19-4064
(D.C. No. 1:16-CV-00155-JNP-BCW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In this civil-rights case, D. Bruce Oliver appeals pro se[1] from a district court order that granted the defendants' motion for summary judgment on the basis of qualified immunity. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the same reasons as the district court.

## BACKGROUND

In 2012, Deputies Larry Nielsen, M. Davis, and Alan Black of the Davis County, Utah, Sheriff's Department arrested Oliver for disorderly conduct after he angrily confronted a social worker about the custody of his grandniece. The confrontation occurred outside the Davis County Courthouse and was caught on a security camera.

When Oliver was booked into jail, Deputies Brent Peters and Kevin Fielding seized roughly $172 cash he was carrying. He was released several hours later with a debit card instead of cash.

Oliver later filed a 42 U.S.C. § 1983 action against the deputies, alleging two claims: unlawful arrest and unlawful seizure of property. On the deputies' motion, the district court applied qualified immunity and entered summary judgment.

---

[1] Although we liberally construe pro se litigants' pleadings, we generally decline to do so for pro se litigants who are "licensed attorneys." *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007). Mr. Oliver is an attorney who is suspended from practicing in this court. Regardless of how we construe his pleadings, however, the result in this case is the same.

2

**DISCUSSION**
**I. Standards of Review**

"We review summary judgment de novo, applying the same legal standard as the district court." *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a defendant moves for summary judgment on the ground of qualified immunity, a court "must grant qualified immunity unless the plaintiff can show (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Gutierrez*, 841 F.3d at 900-01.

**II. Unlawful Arrest**

The district court determined that qualified immunity barred Oliver's unlawful arrest claim because the deputies had probable cause to arrest him for disorderly conduct under Utah Code Ann. § 76-9-102.[2] *See United States v. Turner*, 553 F.3d 1337, 1344 (10th Cir. 2009) ("A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." (brackets and internal quotation marks omitted)). Specifically, the district court noted it was undisputed that Oliver

---

[2] Among other things, the statute proscribes "refus[ing] to comply with the lawful order of a law enforcement officer to move from a public place" or behaving in a threatening or unreasonably noisy manner "to cause public inconvenience, annoyance, or alarm." Utah Code Ann. § 76-9-102(1).

was involved in an intense verbal altercation with a [social worker], asked to take a minor who was in [protective] custody, raised his voice at the [social worker], and was loud and obnoxious to the deputies when they responded to the scene. Oliver additionally refused to comply with the deputies' orders and this behavior occurred in [a] parking lot outside of [a] courthouse in the presence of several people.

Aplt. App. at 616 (footnotes and internal quotation marks omitted).

Oliver argues that summary judgment based on these facts was improper. He states that "it seems doubtful if the District Court reviewed [his] Objection to [the deputies'] Motion, or the facts [he] objected to." Aplt. Opening Br. at 6. But in granting summary judgment, the district court explained that it had "review[ed] the citations to the record provided by Oliver" and found no support for his factual assertions. Aplt. App. at 611. Moreover, our review is de novo, and we reach the same conclusion as the district court.

Oliver also argues that the deputies did not raise qualified immunity in the district court. He is incorrect. The deputies extensively asserted that defense in their summary judgment motion. *See* Aplt. App. at 145-47, 150-51, 154.

Further, Oliver contends that his arrest was unlawful because (1) he was not told prior to his arrest to stop acting disorderly; and (2) the deputies were confused as to which disorderly-conduct statute applied. Neither contention has merit.

First, Oliver is correct that under Utah law, disorderly conduct is merely an infraction, punishable by a fine, if there was no "request by a person to desist." Utah Code Ann. § 76-9-102(4); *see also id.* § 76-3-205. But Oliver testified in his deposition that Deputy Nielsen warned him to stop "being disorderly" or he would be

4

arrested. Aplee. App., Vol. I at 192. Thus, Oliver's offense was not merely an infraction, as there was a request to desist.

Second, Oliver is also correct that he was cited for "[§] 76-10-1506 Disorderly Conduct" but booked for "[§] 76-9-102 . . . Disorderly Conduct." Aplt. App. at 340; Aplee. App., Vol. I at 162. Both statutes cover disorderly conduct, but § 76-10-1506 governs such conduct "on a bus," Utah Code Ann. § 76-10-1506(1)(a). Clearly, as no bus was involved here, the reference to § 76-10-1506 was a mistake. The Fourth Amendment does not "require a connection between the offense establishing probable cause and the offense identified at the time of the arrest." *Turner*, 553 F.3d at 1344.

The district court correctly determined that qualified immunity barred Oliver's unlawful arrest claim.

### III.  Unlawful Seizure of Property

Oliver contends qualified immunity does not bar his claim that Deputies Peters and Fielding acted unlawfully by returning his money on a debit card. The district court determined the claim was barred because Oliver identified no clearly established authority holding that a detainee must be given cash, rather than a debit card, upon release from jail. On appeal, Oliver fails to identify any such authority.

We agree with the district court's application of qualified immunity to this claim.

5

**CONCLUSION**

We affirm for substantially the same reasons provided by the district court in its March 26, 2019 decision granting summary judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge